UNITED STATES BANKRUPTCY COURT
**EASTERN DISTRICT OF MICHIGAN**

In re:

LIFESTYLE LIFT HOLDING, INC.                Case No. 15-44839
                                             Chapter 11
    Debtor.                              Hon. Walter Shapero
_____/

In re:

SCIENTIFIC IMAGE CENTER
MANAGEMENT, INC.                             Case No. 15-44855
                                             Chapter 11
    Debtor.                              Hon. Walter Shapero
_____/

In re:

SCIENTIFIC IMAGE CENTER
PROPERTIES, INC.                             Case No. 15-44859
                                             Chapter 11
    Debtor.                              Hon. Walter Shapero
_____/

In re:

SCIENTIFIC IMAGE CENTER STAFFING, INC.       Case No. 15-44860
                                             Chapter 11
    Debtor.                              Hon. Walter Shapero
_____/

In re:

PACIFIC SEABOARD MANAGEMENT, INC.            Case No. 15-44861
                                             Chapter 11
    Debtor.                              Hon. Walter Shapero
_____/

**DEBTORS' FIRST DAY MOTION OF LIFESTYLE LIFT HOLDING, INC., SCIENTIFIC IMAGE CENTER MANAGEMENT, INC., SCIENTIFIC IMAGE CENTER PROPERTIES, INC., SCIENTIFIC IMAGE CENTER STAFFING, INC., AND PACIFIC SEABOARD MANAGEMENT, INC., FOR AN ORDER DIRECTING THE**

## JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc. (collectively, the "Debtors") by and through their proposed counsel, Osipov Bigelman, P.C., state the following:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

### Background

4. On March 27, 2015, (the "Petition Date"), each of the Debtors filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtors have remained in possession of their assets and are authorized to operate and manage their affairs as Debtor-in-Possession under §§ 1107 and 1008 of the Bankruptcy Code.

6. No trustee, examiner, official committee of creditors holding unsecured claims, or other committees have been appointed under §1102 of the Code in either of the Chapter 11 cases.

7. The sole equity holder for each of the Debtors is Dr. David Kent. Dr. David Kent is also the party authorized to act on behalf of each of the Debtors in their respective bankruptcy cases.

8. The Debtors are engaged in the business of managing various plastic surgery offices around the country under the common brand "Lifestyle Lift".

9. By this Motion, the Debtors seek entry of an order, substantially in the form attached as **Exhibit A,** directing joint administration of the Chapter 11 Cases under the case number assigned to Lifestyle Lift Holding, Inc.

### BASIS FOR RELIEF

10. Pursuant to Fed.R.Bankr.P. 1015(b), "...[i]f a joint petition or two or more petitions are pending in the same court by or against…(4) a debtor and an affiliate, the court may order the joint administration of the estates. Prior to entering an order the court shall give consideration against potential conflicts of interests…"

11. Each of the Debtors is essentially a continuation of the same business operations. The Debtors hold certain office leases for property located around the United States, in addition to licensing and management agreements for plastic surgery services conducted in these offices under the common name "Lifestyle Lift."

12. At this time, there are believed to be no inter-debtor claims. Debtors operated in concert to provide a common enterprise as set forth in paragraph 11.

13. The main remaining value to the businesses consists of the ability to sell their operations as a going concern. The offices are currently not operating. These bankruptcy cases were filed on an expedited basis to prevent further deterioration of the value of the remaining assets and the good will of the business entities and to preserve the possibility of an orderly sale.

14. As a result of the commonality of the operations, the common secured creditor, and the common goal, many, if not all, of the motions, hearings and orders that are

expected to arise in the Chapter 11 Cases will affect each Debtor. By jointly administering the Chapter 11 cases, the Debtors hope to be able to reduce the fees and the costs resulting from the administration of these cases and to ease the onerous administrative burden of having to file multiple and duplicative documents.

15. Jointly administering the Chapter 11 cases, at least for procedural purposes, will allow the Debtors to more economically address and administer the pending Chapter 11 cases and will increase the prospects of a successful reorganization for each of the Debtors. The rights of the respective creditors should not be impacted adversely by joint administration of the Chapter 11 cases as this motion seeks only joint administration of the cases pursuant to Local Bankruptcy Rule 1015-1, rather than substantive consolidation of the bankruptcy estates. Therefore, the separateness of the entities will remain until and unless the estates are substantively consolidated by further order of this Court.

16. Therefore, joint administration of the Chapter 11 cases are in the best interests of the Debtors, their creditors, equity security holders, and all parties in interest.

17. The Debtors request that the caption of the Chapter 11 cases be modified to reflect the joint administration of these cases as shown below:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In re:

LIFESTYLE LIFT HOLDING, INC., *et al.*,[1]

                                      Case No. 15-44839
                                      Chapter 11
                                      Jointly Administered

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc.

| | |
|---|---|
| Debtors. | Hon. Walter Shapero |
| _____/ | |

18. The Debtors also request that two docket entries be made in the Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., Scientific Image Center Staffing, Inc., cases substantially as follows:

   a. An order has been entered in this case directed the joint administration of the Chapter 11 cases of Scientific Image Center Management, Inc. and its affiliates Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc. The docket in case no. _____ should be consulted for all matters affecting this case.

   b. A proof of claim against any of the Debtors or their respective estates must be filed in the particular bankruptcy case of the Debtor against whom such claim is asserted.

## **NOTICE**

19. Pursuant to Local Bankruptcy Rules 1015-1(c) and 9013-1, this Motion will be served on (1) the United States Trustee for the Eastern District of Michigan, (2) all secured creditors, and (3) all creditors on the List of 20 Largest Creditors as required by Fed.R. Bankr.P. 1007(d).

20. No previous motion for the requested relief has been made to this or any other court.

WHEREFORE, the Debtors requests that this Honorable Court enter an Order substantially in the form attached as **Exhibit A**, directing joint administration of the Debtors' Chapter 11 cases under the case number assigned to Scientific Image Center Management, Inc., and grant such relief as is proper and just.

Dated: March 31, 2015          Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

/s/ William C. Blasses
YULIY OSIPOV (P59486)
JEFFREY H. BIGELMAN (P61755)
WILLIAM C. BLASSES (P73945)
Proposed Counsel for Debtors and
Debtors-in-Possession
Osipov Bigelman, P.C.
20700 Civic Center Dr., Ste. 420
Southfield, MI 48076
Tel: (248) 663-1800 / Fax: (248) 663-1801

UNITED STATES BANKRUPTCY COURT
**EASTERN DISTRICT OF MICHIGAN**

In re:

LIFESTYLE LIFT HOLDING, INC.          Case No. 15-44839
                                       Chapter 11
    Debtor.                            Hon. Walter Shapero
_____/

In re:

SCIENTIFIC IMAGE CENTER
MANAGEMENT, INC.                       Case No. 15-44855
                                       Chapter 11
    Debtor.                            Hon. Walter Shapero
_____/

In re:

SCIENTIFIC IMAGE CENTER
PROPERTIES, INC.                       Case No. 15-44859
                                       Chapter 11
    Debtor.                            Hon. Walter Shapero
_____/

In re:

SCIENTIFIC IMAGE CENTER STAFFING, INC.  Case No. 15-44860
                                        Chapter 11
    Debtor.                             Hon. Walter Shapero
_____/

In re:

PACIFIC SEABOARD MANAGEMENT, INC.       Case No. 15-44861
                                        Chapter 11
    Debtor.                             Hon. Walter Shapero
_____/

**EXHIBIT A**

# ORDER GRANTING DEBTORS' FIRST DAY MOTION OF LIFESTYLE LIFT HOLDING, INC., SCIENTIFIC IMAGE CENTER MANAGEMENT, INC., SCIENTIFIC IMAGE CENTER PROPERTIES, INC., SCIENTIFIC IMAGE CENTER STAFFING, INC., AND PACIFIC SEABOARD MANAGEMENT, INC., FOR AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

Upon the First Day Motion of Lifestyle Lift Holding, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc. (collectively, the "Debtors") for an Order Directing the Joint Administration of the Chapter 11 Cases (the "Motion"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefore.

**NOW THEREFORE, IT IS HEREBY ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Debtors' respective captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered in accordance with Fed.R.Bankr.P. 1015(b) and Local Rule 1015-1.

**IT IS FURTHER ORDERED** that the caption of the jointly administered cases is to read as follows:

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

In re:

LIFESTYLE LIFT HOLDING, INC., *et al.*,[2]

                          Debtors.

_____/

Case No. 15-44839
Chapter 11
Jointly Administered
Hon. Walter Shapero

**IT IS FURTHER ORDERED** that a docket entry shall be made in the Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., Scientific Image Center Staffing, Inc., cases substantially as follows:

    a. An order has been entered in this case directed the joint administration of the Chapter 11 cases of Lifestyle Lift Holding, Inc. Scientific Image Center Management, Inc. and its affiliates Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc. The docket in case no. _____ should be consulted for all matters affecting this case.

    b. A proof of claim against any of the Debtors or their respective estates must be filed in the particular bankruptcy case of the Debtor against whom such claim is asserted.

**IT IS FURTHER ORDERED** that a creditor filing a proof of claim against any of the Debtors must file said proof of claim in the particular Debtor's chapter 11 case and not in the jointly administered case.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served on all of the creditors in each of the proposed jointly administered creditors pursuant to Local Rule 1015-1(d).

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order. Furthermore, the entry of this

---

[2] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc.

order is without prejudice to the jointly administered Debtors later filing a motion seeking substantive consolidation.